# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL PAUL COOK, | ) | Case No 05-3965 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WALTERS CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 05-231 |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL PAUL COOK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Walters Construction, Inc. ("Walters"), filed a motion for summary judgment on its complaint to except a $17,000 debt from the Chapter 7 discharge of Daniel Paul Cook ("the Debtor") pursuant to § 523(a)(2)(A) or (B) of the Bankruptcy Code on the grounds that the Debtor falsely certified the payroll records of Cook Heating & Air Conditioning, Inc. ("Cook Heating").  The Debtor responds that genuine issues of material fact exist that preclude entry of summary judgment.

For the reasons stated herein, the court will deny the motion.

### I. STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts"). The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment, but "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. A fact is not "genuinely disputed" unless the factual conflict between the parties requires a trial of the case for resolution. *Finley v. Giacobbe*, 79 F.3d 1285, 1291 (2d Cir. 1996) ("If there is any evidence in the record from which a jury could draw a reasonable inference in favor of the non-moving party on a material fact, this Court will find summary judgment is improper.").

## II. BACKGROUND

The United States Department of Housing and Urban Development ("HUD") sponsored the construction of the Hope VI housing development in Wheeling, West Virginia, which is being administered by the Wheeling Housing Authority ("WHA").[1] Walters contracted with the WHA to supply materials and services in connection with the construction of Hope VI, and it subcontracted part of its work to Cook Heating. The Debtor is the president of Cook Heating. During the course of Cook Heating's work, pursuant to HUD regulations, the Debtor certified Cook Heating's payroll to

---

[1] Because the Hope VI housing project is sponsored by HUD, it is subject Title 29 of the Code of Federal Regulations. 29 C.F.R. § 1.1(b-c) ("The regulations in this part . . . are applicable . . . to general wage determinations for contracts in specified localities . . . .").

-2-

Walters for payment.

Walters alleges that Cook Heating was unable to perform its subcontract satisfactorily, it terminated the contract, and that Walters was forced to complete a portion of the remaining work. Walters also states that in July 2004, the WHA informed it that Cook Heating had not complied with the Davis-Bacon Act and that a full audit of the payrolls certified by the Debtor disclosed that the fringe benefits shown as being paid in cash to various employees of Cook Heating had not been remitted to those employees. The WHA notified the Debtor of its findings, made the determination that Cook Heating owed its employees $17,000, and informed the Debtor and Cook Heating that an appeal from the determination could be filed. When neither the Debtor nor Cook Heating appealed the WHA's determination, it became final in early 2005. Pursuant to HUD regulations, Walters is holding about $21,000 due to Cook Heating under the parties' contract until Cook Heating or the Debtor remedy the violations noticed in the WHA determination.[2]

### III. DISCUSSION

Walters asserts that it is subject to liability on the WHA's determination that Cook Heating failed to pay the fringe benefits that the Debtor certified as paid in Cook Heating's weekly payroll reports because Cook Heating is its subcontractor.[3] To preserve its right to collect against the Debtor on its potential liability, Walters seeks a determination that the Debtor's certification of Cook Heating's payroll records was a fraudulent act, and that any debt arising from that act is excepted from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2)(A) or (B). Walters further asserts that summary

---

[2] *See* 29 C.F.R. § 5.5(a)(2) ("In the event of a failure to pay any laborer . . . all or part of the wages required by the contract, the (Agency) may . . . take such action as may be necessary to cause the suspension of any further payment . . . until such violations have ceased.").

[3] 29 C.F.R. § 5.5(a)(3)(ii)(B)(6) ("The prime contractor shall be responsible for the compliance by any subcontractor or lower tier subcontractor . . . ."); *Arliss D. Merrell, Inc.*, 1994-DBA-41 (ALJ Oct. 26, 1995) (holding that a prime contractor is responsible for the back wages due employees of its subcontractor); W. Va. Code § 21-5-7 ("[T]he prime contractor shall become civilly liable to employees engaged in the performance of work under such contract for the payment of wages and fringe benefits . . . to the extent that the employer of such employee fails to pay such wages and fringe benefits . . . .").

judgment is apropos on the basis that the Debtor failed to timely respond to its request for admissions.

Section 523(a) of the Bankruptcy Code provides:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–

. . .
>  (2) for money . . . to the extent obtained, by--
>>  (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>>  (B) use of a statement in writing--
>>>  (i) that is materially false;
>>>  (ii) respecting the debtor's or an insider's financial condition;
>>>  (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied;

§ 523(a)(2)(A-B).

**A.     Failure to Timely Respond to Requests for Admission**

Walters argues that no genuine issue of material fact exists in this case to preclude entry of summary judgment in its favor on the basis that the Debtor failed to timely respond to its requests for admission; therefore, Walters contends, all of its requests are automatically deemed admitted.

Walters served its requests for admissions on the Debtor on May 18, 2006, by facsimile and regular mail.  Pursuant to Fed. R. Civ. P. 36(a) and Fed. R. Bankr. P. 7036, the Debtor had 30 days to respond or else the requested admission is treated as admitted.  That 30-day period expired on June 19, 2006.  Four days later, on June 23, 2006, the Debtor served his responses to Walters's request for admissions.

Fed. R. Bankr. P. 9006(f) (effective December 1, 2005) states: "When there is a . . . requirement to act . . . within a prescribed period after service and that service is by mail or under Rule 5(b)(2)(C) or (D) F. R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)."  Before the 2005 amendments to Rule 9006(f), the Rule did not indicate how the three-day extension of time was to apply and four possible methods existed for applying the Rule.  *See* 10 *Collier on Bankruptcy* ¶ 9006.12 (Alan N. Resnck & Henry J. Sommer eds. 15th ed. Rev. 2006) (" 'Cases and commentary have recognized four possible means of calculating the three days added by present [Fed. R. Civ. P 6(e), on which Fed. R. Bankr. P. 9006(f) is modeled].' ")

– 4 –

(citation omitted). The 2005 amendments to Rule 9006(f) were meant to resolve any doubt as to how to calculate the 3-day extension – it is added after the period prescribed in Rule 9006(a) has expired. *Id.* In turn, Fed. R. Bankr. P 9006(a) states that when the end of a prescribed period of time falls on a Saturday, Sunday, or legal holiday, the time for completing the act will not run until "the end of the next day which is not one of the aforementioned days."

In this case, Walters served its requests for admissions on the Debtor by mail and by facsimile, both of which are encompassed within Fed. R. Civ. P. 5(b) and Fed. R. Bankr. P. 9006(f); thus, the 3-day rule of 9006(f) is applicable. Because Walters served its requests for admissions on May 18, 2006, the 30-day prescribed period for responding expired on Saturday, June 17, 2006. Under Rule 9006(a), that deadline was automatically extended to Monday, June 19, 2006. Adding three days from that date is June 22, 2006; therefore, the Debtor's responses to Walters's request for admissions, served on June 23, 2006, was only one day late.

The 30-day deadline for responding to requests for admission is not rigid and a court, in its discretion, may enlarge the allowed response time. *E.g.*, Fed. R. Civ. P. 36(a) ("The matter is admitted unless, within 30 days after service of the request, or within such . . . longer time as the court may allow . . . ."); *Nguyen v. CNA Corp.*, 44 F.3d 234, 242-43 (4th Cir. 1995) (holding that the district court did not abuse its discretion in not deeming requests for admission as admitted when the response was filed one day late); *United States v. Lake Killarney Apartments, Inc.*, 443 F.2d 1170, 1170 (5th Cir. 1971) (holding that the trial judge did not abuse his discretion in allowing the United States to file belated answers to requests for admission); *White Consol. Indus. v. Waterhouse*, 158 F.R.D. 429, 433 (D. Minn. 1994) (allowing late filed responses to requests for admission when the requesting party was not prejudiced, a search for the truth would not otherwise be promoted, and when the late filed responses largely mirrored the averments in the responding party's answer).

Under the circumstances of this case, the court finds that Walters is not prejudiced by a one-day extension of the deadline for responding to its requests for admission. The Debtor's responses largely mirror the denials in its answer, and the court finds it appropriate to consider this case on the merits (as is the court's preference) rather than on a procedural technicality. Therefore, the court will treat the Debtor's responses to Walters's requests for admission as timely served.

**B.      11 U.S.C. § 523(a)(2)(A) & (B)**

Walters states that it is entitled to summary judgment based on the facts as admitted by the Debtor. Because the court will allow a one-day extension of time for the Debtor to file his responses to Walters's requests for admission, there are only two pertinent facts that are plainly not controverted by the Debtor. Namely, (1) that Cook Heating did not appeal the audit findings of the WHA that it owed its employees $17,000, and that (2) Walters made a demand against Cook Heating to pay the amount owed.

Whether Walters is proceeding under § 523(a)(2)(A) or (B), Walters must demonstrate, inter alia, that the Debtor had scienter when he made the allegedly fraudulent representation or false writing. *E.g.*, *Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 134 (4th Cir. 1999) (stating that the debtor's "state of mind is a question of fact to be determined in the first instance by the bankruptcy court" in adjudicating a § 523(a)(2)(A) exception to discharge complaint); *Candland v. Insurance Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir. 1996) (requiring under § 523(a)(2)(B) that the debtor know, at the time the writing is made, that the statement is false). Because Walters has failed to show an essential element of either a 11 U.S.C. § 523(a)(2)(A) or (B) cause of action, Walters's motion for summary judgment will be denied.[4]

## IV. CONCLUSION

The court will deny Walters's motion for summary judgment. A separate order is attached.

---

[4] The court makes no findings on whether or not Walters has met any other elements in either a § 523(a)(2)(A) or (B) cause of action.

-6-